## COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK, ss.**
                                              **SUPERIOR COURT**
                                              Docket No. 2384CV 1855 D

Emanuela McKinney,

Plaintiff,

v.

STEWARD ST. ELIZABETH'S
MEDICAL CENTER OF BOSTON
INC., d/b/a ST. ELIZABETH'S
MEDICAL CENTER,
RALPH DE LA TORRE, M.D., and
(individually) and CHRISTOPHER
DUNLEAVEY (individually)

Defendants.

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

**I.    PARTIES**

1. Plaintiff, Emanuela McKinney ("Plaintiff" or "Ms. McKinney"), is a resident of Massachusetts.

2. Defendant, Steward St. Elizabeth's Medical Center of Boston, ("Steward") is registered in the Commonwealth of Massachusetts as a foreign corporation. It is also registered as "doing business as" with the City of Boston, under the name of St. Elizabeth's Medical Center, located at 736 Cambridge St., Brighton, MA 02135.

3. Upon information and belief, Defendant Ralph de la Torre ("Dr. de la Torre"), is natural person who, at all relevant times herein, was the Chairman and Chief Executive Officer of Steward. Dr. de la Torre is a resident of Massachusetts.

4. Upon information and belief, Defendant Christopher Dunleavy ("Mr. Dunleavy") is a natural person who, at all relevant times herein, was the Chief Financial Officer of Steward. On information and belief, Mr. Dunleavy resides in Massachusetts.

## II.     JURISDICTION

5. This action arises under Chapter 149 of the Massachusetts General Laws.

6. This Court has original jurisdiction over this action, as it is a civil action in which more than $50,000 is in controversy and Defendants have a place of business within Suffolk County.

## III.    STATEMENT OF FACTS

7. Steward is a private healthcare company, providing services nationally, including Massachusetts.

8. Ms. McKinney was initially hired as a billing coordinator by Steward.

9. She worked multiple years as an employee of Steward in Massachusetts.

10. Most recently, Ms. McKinney worked for Steward as a nurse at St. Elizabeth's Medical Center, within Suffolk County, Boston, MA.

11. Generally, Defendant Steward paid Ms. McKinney her wages every two weeks.

12. On July 18, 2022, Ms. McKinney gave written notice to Steward that her last day of work would be Friday, July 29, 2022.

13. In fact, Ms. McKinney's last day of work was on July 29, 2022.

14. At the end of her employment (July 29, 2022), Ms. McKinney had accrued 449.57 hours of unused vacation/PTO time.

15. The last pay period Ms. McKinney worked ended on July 30, 2022.

16. Via USPS First Class Mail, Steward paid Ms. McKinney her final paycheck for hours worked on August 4, 2022.

17. The check that Steward mailed on August 4, 2022, did not include any compensation for accrued and unused Vacation Time/PTO, although it contains Ms. McKinney's total accrued time of 449.57 hours.

18. On August 18, 2022, Steward mailed another check to Ms. McKinney, check no. 9019300, which contained compensation for the accrued and unused vacation time/PTO.

19. However, the August 18, 2022, check only accounted for 435.72 vacation/PTO hours.

20. To date, Ms. McKinney has not been paid for her accrued and unused, vacation/PTO time consisting of 13.85 hours.

21. Massachusetts General Laws, Chapter 148, Section 148 states, inter-alia, that "…any employee leaving [her] employment shall be paid in full on the following regular pay day, and, in the absence of a regular pay day, on the following Saturday…".

22. Steward had a regular pay day, and it did not pay Ms. McKinney "in full on the following regular pay day". Instead, it paid her vacation/PTO time only partially, and late.

### IV.   COUNTS OF THE COMPLAINT

COUNT I- <u>LATE PAYMENT AND NON-PAYMENT OF WAGES (ALL DEFENDANTS)</u>

23. Ms. McKinney hereby restates and incorporates each paragraph of this Complaint as if fully stated herein.

24. At all times relevant to the Complaint, Dr. de la Torre and Mr. Dunleavy exercised considerable control over Steward's finances, including the payment of employees' wages and paid time off.

25. Because Dr. de la Torre and Mr. Dunleavy are the Chief Executive and Chief Financial Officer, respectively, of Steward, and ultimately responsible for the company's finances, they are liable for Steward's violations of the Wage Act, G.L. c. 149, § 148.

26. In addition, or in the alternative, Dr. de la Torre, and Mr. Dunleavy, are agents or officers in charge of Steward, and as such, are liable for Steward's violations of the Wage Act, also rendering them personally liable for Steward's violations of the statute.

27. Also, Steward did not pay Ms. McKinney her accrued and unused vacation on time, or in full, on the following regular pay day after her last day of employment.

28. Defendants' failure to pay Ms. McKinney all payroll wages due to her, including accrued and unused vacation time/PTO, within the timeframe established within the Wage Act violates M.G.L. c. 149, § 148.

## V.    PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs request that this Court enter the following relief:

1. An award of damages for all wages and other losses to which Plaintiff is entitled.
2. Statutory trebling of all wage-related damages.
3. Attorneys' fees, costs, and interest; and
4. Such further relief as the Court deems fair and just.

## VI.    JURY DEMAND

Plaintiff demands a TRIAL BY JURY on all claims so triable.

Respectfully Submitted
Emanuela McKinney
By Her Attorney,

Ilir Kavaja, BBO No. 682574
Kavaja Law, P.C.
92 State Street, 8th Fl.
Boston, MA 02109
(617) 515-5545
ilir@kavajalaw.com

August 15, 2023