UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMANUELA MCKINNEY,<br><br>    *Plaintiff,*<br><br>v.<br><br>STEWARD ST. ELIZABETH'S MEDICAL CENTER<br>OF BOSTON, INC. *doing business as*<br>St. Elizabeth's Medical Center;<br>RALPH DE LA TORRE, MD; and<br>CHRISTOPHER DUNLEAVEY,<br><br>    *Defendants.* | No. 23-cv-12115-GAO |

## REPORT AND RECOMMENDATION

LEVENSON, U.S.M.J.

### INTRODUCTION

    Plaintiff Emanuela McKinney brought this action in Suffolk Superior Court seeking unpaid wages and statutory damages under the Massachusetts Wage Act, M.G.L. c. 149, § 148 (the "Wage Act"). *See* Docket No. 1. Defendants—her former employer and two corporate officers[1]—timely removed the action to this Court pursuant to 28 U.S.C. § 1446, on the stated ground that Plaintiff's employment was governed by a collective bargaining agreement (the "CBA"), which created a basis for subject-matter jurisdiction in federal court under § 301 of the Labor Management Relations Act ("LMRA"). *See id. See generally* 29 U.S.C. § 185 (containing § 301 of the LRMA).

---

[1] Defendants Ralph de la Torre and Christopher Dunleavy were, respectively, the employer's CEO and CFO during the relevant period. *See* Docket No. 10 ¶¶ 3–4.

Plaintiff moved for remand on October 13, 2023. *See* Docket Nos. 8, 9. Defendants filed their opposition on October 27, 2023. *See* Docket No. 11. I held a hearing on the motion and invited subsequent briefing, which the parties provided on January 3, 2024. *See* Docket Nos. 18–21. After considering the parties' submissions, I ordered that the matter be remanded to state court. *See* Docket No. 22.

Following this order, on February 14, 2024, Plaintiff moved for attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). *See* Docket Nos. 23, 24. Defendants filed their opposition on February 28, 2024. *See* Docket No. 25. The motion was referred to me on March 5, 2024 for a report and recommendation. *See* Docket No. 26.

**I.      Factual and Procedural History**

Plaintiff resigned from her position at Steward St. Elizabeth's Medical Center of Boston ("Steward") effective July 29, 2022. *See* Docket No. 5 ¶¶ 10–15. At the time of her resignation, Plaintiff was part of a represented bargaining unit, such that various terms of her employment were governed by the CBA. Docket No. 1 ¶ 26. The final payroll period during which Plaintiff worked for Steward ended on July 30, 2022, and, on August 4, 2022, Steward mailed Plaintiff a regular paycheck for her time worked during that period. Docket No. 5 ¶¶ 16, 18–20. On August 18, 2022, Steward mailed Plaintiff a second check compensating her for accrued and unused vacation time/paid time off ("PTO"). *Id.* ¶ 21. There appears to be little or no dispute that this second check compensated Plaintiff for most—but not all—of her PTO; it shortchanged her by 13.85 hours of PTO, as compared to the earned PTO reflected on the paystub that had accompanied her final regular paycheck. *See id.* ¶¶ 19–23.

Plaintiff sued on August 15, 2023, and Defendants removed the case to this Court on September 15, 2023. *See* Docket No. 1. Plaintiff subsequently filed an amended complaint, and Defendants answered. *See* Docket No. 5 (amended complaint); Docket No. 10 (answer[2]). Plaintiff moved for remand on October 13, 2023, which Defendants opposed. *See* Docket Nos. 8, 9, 11. On February 2, 2024, I ordered that the matter be remanded to state court. *See* Docket No. 22.

## II.  Arguments of the Parties

### A.  *Plaintiff's Arguments*

Plaintiff requests attorney's fees and costs pursuant to 28 U.S.C. § 1447(c), seeking payment for the time Plaintiff's attorneys spent fighting Defendants' efforts to remove the case to federal court. *See* Docket No. 24. Plaintiff contends that by removing the case, Defendants were attempting "to avoid their day of reckoning in state court, delay proceedings, and drive up the attorney fees it would take Plaintiff to litigate." *Id.* at 1.

Plaintiff argues that "it was clear from before the removal to this Court that the case law did not support removal under Section 301 of the LMRA" and that Defendants were aware of this. *Id.* at 6. Plaintiff points to email communications between Plaintiff's counsel and Defendants' counsel, in which Plaintiff's counsel shared "pertinent parts of precedential case law . . . to underscore that removal was not legally sound and inappropriate." *Id.* at 2, 6; *see* Docket No. 24-1 (email communications to Defendants' counsel citing *Livadas v. Bradshaw*, 512 U.S. 107 (1994); *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399 (1988); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985); and *Lawless v. Steward Health Care Sys., LLC*, 894 F.3d 9 (1st

---

[2] Eleven days after filing their initial answer, Defendants filed an amended answer. *See* Docket No. 12.

3

Cir. 2018)). In connection with the present motion for an award of fees, Plaintiff notes that the Court cited these cases in its order of remand. *See* Docket No. 24, at 2 (citing Docket No. 22).

Additionally, Plaintiff argues that "it was, or at least it should have been, clear to Defendants that no factual disputes [that would create a basis for subject-matter jurisdiction under § 301 of the LMRA] existed at the time of removal." *Id.* at 6. This is doubly so, Plaintiff asserts, because: (a) Defendants themselves possessed the relevant payroll records; and (b) Plaintiff provided copies of the relevant payroll records to Defendants shortly after removal. *See id.* Plaintiff also argues that, even assuming Defendants had a reasonable basis for removal at the time of removal, "that basis quickly dissipated when Defendants admitted, both in their Opposition to [Plaintiff's] Motion to Remand[] . . . and in their Amended Answers, that there were no actual pertinent fact disputes." *Id.* According to Plaintiff, resisting removal was particularly wasteful given that the Court had noted "how burdensome and time consuming this particular issue is[] when compared to the overall value of the case." *Id.* (citing Docket No. 22, at 7 n.6).[3]

In support of her argument, Plaintiff cites various cases from within the First Circuit in which courts have articulated bases for awarding attorney's fees in the removal context. *See id.* at 5.

### B.    *Defendants' Arguments in Opposition*

In opposing the motion for attorney's fees, Defendants argue that they had an objectively reasonable basis for seeking removal. *See* Docket No. 25. Defendants assert that, at the time of

---

[3] Although Plaintiff's paraphrase is not inapt, I actually wrote: "As a practical matter, the monetary stakes in this litigation arise from the statutory damages and attorneys' fees provisions of the Massachusetts Wage Act" as opposed to the "amount of PTO that was initially at issue." Docket No. 22, at 7 n.6.

removal, they "reasonably believed that the calculation and payment of [P]laintiff's accrued PTO was in dispute" such that Plaintiff's claim depended on her rights under the CBA, so that the LMRA transformed her claim into a federal one. *See id.* at 3–4. Defendants further assert that, once the exchange of documents and conversations between counsel revealed that there was no dispute over the PTO calculation, Defendants' counsel made their understanding known to Plaintiff's counsel and the Court and "reevaluated their position with respect to LMRA § 301 preemption." *See id.* at 4–5. At that point, Defendants contend, they "determined that a reasonable basis for LMRA § 301 complete preemption continued to exist," which provided the basis for Defendants' opposition to Plaintiff's motion to remand. *Id.* at 5 (citing Docket No. 11). Defendants emphasize that the "course of events" in this case, "including the hearing on Plaintiff's Motion [t]o Remand, the further questions posed by the Court, the supplemental briefing filed in response to the Court's request, and the Court's ultimate decision, all strongly suggest that [D]efendants' arguments were reasonable." *Id.* at 7.

### III. Analysis

Under the controlling statute, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). As the Supreme Court has held, "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). The Court has further cautioned that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Id.* at 136. This approach "recognize[s] the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

"Although the U.S. Court of Appeals for the First Circuit has not defined what constitutes an 'objectively reasonable basis' for removal, other sessions of this Court have declined to award expenses and costs unless the facts are 'so one-sided as to have made remand a foregone conclusion.'" *Rizzi v. 178 Lowell St. Operating Co.*, 180 F. Supp. 3d 66, 69 (D. Mass. 2016) (quoting *Huston v. FLS Language Ctrs.*, 18 F. Supp. 3d 17, 25 (D. Mass. 2014)).

Here, the facts were not "so one-sided as to have made remand a foregone conclusion," and Plaintiff is not entitled to attorney's fees under 28 U.S.C. § 1447(c). *See id.*

As Defendants explain, at the time of removal, they "reasonably believed that the calculation and payment of [P]laintiff's accrued PTO was in dispute." Docket No. 25, at 3. "[A]ny claim that entails a court determining what (if anything) is owed to an employee who is within a bargaining unit will almost always depend[] at least arguably on interpretations and applications of the CBA at issue." *Rose v. RTN Fed. Credit Union*, 1 F. 4th 56, 62 (1st Cir. 2021) (second alteration in original) (internal quotation marks omitted). Because § 301 "completely preempts any state-law cause of action [that is] . . . substantially dependent on analysis" of a CBA, Defendants had an objectively reasonable basis for removal at the time of removal. *See id.* at 60 (internal quotation marks omitted).

Once the exchange of documents and conversations between counsel made clear that there was no dispute over the PTO calculation, Defendants' bases for removal undoubtedly weakened. Defendants first claimed that removal was proper because Plaintiff's claim was "founded directly on rights created by" the CBA. *See* Docket No. 11, at 5–7. Specifically, Defendants reasoned that "any right [P]laintiff had to PTO was a contract right" under the CBA, and, therefore, "any failure to pay the PTO would be a breach of the CBA." *Id.* at 6. As the Court explained in its order, however, this argument was unavailing because "[a]s the First Circuit has

noted, under existing Supreme Court precedent, § 301 preemption does not apply when 'no dispute exist[s] about the amount of wages owed—only whether, contrary to state law, they had been paid too late.'" Docket No. 22, at 10 (second alteration in original) (quoting *Cavallaro v. UMass Mem'l Healthcare, Inc.*, 678 F.3d 1, 7 (1st Cir. 2012)). The Court further explained that although "Defendants' argument offer[ed] a slight twist"—"that PTO, unlike a wage, is not required under Massachusetts law"—this purported distinction did not "meaningfully advance Defendants' position." *Id.* Indeed, "once Plaintiff earned her hourly pay and PTO, her entitlement to prompt payment of the amounts she was owed . . . rest[ed] upon the Wage Act." *Id.* at 11.

Defendants also argued that determining whether Plaintiff's claim was forfeited by a failure to timely engage in the CBA's grievance procedures would require interpretation of the CBA, thereby supporting preemption under § 301. *See* Docket No. 21, at 2–6. While this may indeed be a live issue in the case, it did not provide a basis for removal. After reviewing the parties' supplemental briefing on this topic, the Court rejected Defendants' argument, explaining that it is "dispatched by the well-pleaded complaint rule," in that "Plaintiff's complaint allege[d] only state law causes of action," and "a federal question raised *solely as a defense* does not provide a basis for removal of state-law claims to federal court, even in the context of a § 301 complete preemption." Docket No. 22, at 14–15 (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987)). As the Court explained, Defendants' invocation of the First Circuit's decision in *Rose v. RTN Federal Credit Union* did nothing to save the removal. *See id.* at 15.

Defendants' arguments against remand, although ultimately unavailing, were not objectively unreasonable. To be sure, certain aspects of Defendants' arguments were precluded by well-settled case law. Others, however, were colorable. Indeed, as Defendants observe, this

7

was a matter that required extensive argument and even supplemental briefing to sort out. Moreover, as I noted in my remand ruling, this was by no means the first time that a case had been removed based on LMRA preemption, only to later discover that the factual basis for preemption was lacking. The First Circuit's decision in *Lawless v. Steward Health Care System, LLC*, 894 F.3d 9 (1st Cir. 2018), addressed just such a scenario and—albeit with stern cautions—*sustained* the district court's ongoing exercise of jurisdiction, given that an early assessment had pointed toward preemption.

Looking to other decisions in this district, Defendants are entitled to some latitude to advance well-articulated arguments, even if they prove unpersuasive. *See Berger v. Morgan*, 2014 WL 7375495, at *2 (D. Mass. Dec. 29, 2014) ("Although the defendants' jurisdictional theory was inventive and the attempt to remove has proved unsuccessful, the attempt was not objectively unreasonable, and an award is uncalled for here."); *see also Massachusetts v. DMB Fin., LLC*, 2018 WL 6199566, at *6 (D. Mass. Nov. 28, 2018) (denying party's motion for attorney's fees where the removal "analysis required more than the rote application of a statutory formula or Supreme Court precedent on an indistinguishable question of law").

The cases Plaintiff cites reinforce the impression that courts within this circuit typically decline to award attorney's fees absent egregious conduct (or, at least, conduct that is significantly more problematic than Defendants' conduct in this case). *See, e.g.*, *Rodrigues v. Doe*, 2020 WL 6384325, at *2 (D. Mass. Oct. 30, 2020) (awarding attorney's fees where the defendant did not offer legal authority to support its removal theory and "obfuscat[ed] . . . information critical to the determination of subject matter jurisdiction"); *Rafter v. Stevenson*, 680 F. Supp. 2d 275, 280–81 (D. Me. 2010) (awarding attorney's fees where the defendant did "not point[] to any authority or statute" to support his contention that the requirements for subject-

matter jurisdiction had been met and "[t]he legal principles on which this case turn[ed] [were] established and clear"); *Conde Vidal v. Lakeshore Condominium Owners Ass'n*, 2018 WL 11476517, at *3 (D.P.R. Aug. 16, 2018) (awarding attorney's fees where "defendants filed a Notice of Removal without including key documents that were part of the State Court complaint[,] . . . failed to translate said documents to the English language as required by the Jones Act[,] . . . failed to include a short and plain statement of their grounds for removal[,]" and declined to cure these deficiencies despite "the Court [giving] defendants plenty of opportunities," instead displaying "obstinate conduct by repeatedly failing to comply with Court orders and recurring to dilatory tactics that . . . permeated through the . . . proceedings"); *Schwesinger v. Hurley*, 2014 WL 1311756, at *5 (D. Mass. Mar. 31, 2014) (awarding attorney's fees where defendants' "claims of subject matter jurisdiction were spurious," "their attempts to remove were plainly barred by the timeliness requirements of 28 U.S.C. § 1446," and "the notice of removal was filed only after adverse rulings by the Superior Court and on the eve of a scheduled state court trial," thereby suggesting that "the notice of removal was nothing other than a transparent attempt to stave off a day of reckoning for the[] [d]efendants").[4]

---

[4] Plaintiff cites *Betancourt-Colón v. B.V. Properties, Inc.*, 2021 WL 3034048 (D.P.R. July 19, 2021), for the proposition that "[a]n award of attorney's fees is proper when removal is wrong as a matter of law, *even when defendant's reasoning for removal is 'fairly supportable.'*" See Docket No. 24, at 5. That decision, however, rests on a now-discredited line of authority.

*Betancourt-Colón* cited only one case as authority for the legal standard it applied, a 2003 decision, *Ford Motor Credit Co. of Puerto Rico v. Caribe Ford Inc.*, 247 F. Supp. 2d 118, 120 (D.P.R. 2003). *Ford Motor Credit*, in turn, relied on the Ninth Circuit's decision in *Hofler v. Aetna U.S. Healthcare of California, Inc.*, 296 F.3d 764, 770 (9th Cir. 2002), *abrogated by Martin*, 546 U.S. at 136. When, in 2005, the Supreme Court resolved a conflict among the circuits concerning the standard for awarding attorney's fees under § 1447(c), the Court identified *Hofler* as one of the decisions embodying an approach that the Court rejected. *Martin*, 546 U.S. at 136.

It bears noting that, if Plaintiff is ultimately successful in this action, she will likely have the opportunity to seek attorney's fees under the fee-shifting provisions of the Wage Act. *See* M.G.L. c. 149, § 150 ("An employee so aggrieved who prevails in such an action . . . *shall* . . . be awarded the costs of the litigation and reasonable attorneys' fees." (emphasis added)). Thus, Plaintiff—if she prevails—would be entitled to a fee award under a statute that (unlike §1447(c)) does not presuppose any degree of fault on Defendants' part. Without prejudging the issue (which will, of course, be for the courts of the Commonwealth to decide), a fee petition under the Wage Act seems the more appropriate forum in which to address Plaintiff's efforts to be compensated for the attorney's fees incurred in the course of obtaining the remand to state court.

## CONCLUSION

Accordingly, I recommend that the Court deny Plaintiff's motion for attorney's fees and costs under 28 U.S.C. § 1447(c) [Docket No. 23].[5]

Dated: March 25, 2024

/s/ Paul G. Levenson
Paul G. Levenson
U.S. MAGISTRATE JUDGE

---

[5] The parties are hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within fourteen days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Keating v. Sec'y of Health & Hum. Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378–79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).